UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN, | CASE NO. C13-1359 MJP |
| Plaintiff, | ORDER ON MOTIONS TO DISMISS |
| v. | |
| NORTHWEST TRUSTEE SERVICES INC, et al., | |
| Defendant. | |

The Court, having received and reviewed:

1. Defendants Northwest Trustee Services, Inc. and Routh Crabtree Olsen PS Motion to Dismiss for Failure to State a Claim (Dkt. No. 36); Plaintiff's Response (Dkt. No. 48); Defendants Northwest Trustee Services, Inc. and Routh Crabtree Olsen PS's Reply (Dkt. No. 49); and

1     2.   Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic

2     Registration Systems, Inc. and MERSCORP Holdings, Inc.[1] Motion to Dismiss (Dkt.

3     No. 42); Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic

4     Registration Systems, Inc. and MERSCORP Holdings, Inc. Request for Judicial

5     Notice (Dkt. No. 43); Plaintiff's Response (Dkt. No. 44); and Defendants Federal

6     Home Loan Mortgage Corporation, Mortgage Electronic Registration Systems, Inc.

7     and MERSCORP Holdings, Inc. Reply (Dkt. No. 59) [2]

8  and all attached declarations and exhibits, makes the following rulings:

9     IT IS ORDERED that the motions to dismiss are GRANTED; a portion of Plaintiff's

10  complaint will be dismissed without leave to amend and a portion of his complaint will be

11  dismissed with leave to amend.

12     IT IS FURTHER ORDERED that Plaintiff Galyean will have 10 days from the filing of

13  this order to submit an amended complaint which complies with the rulings contained in this

14  order.

15                  **Background**

16     The Court provides the following brief factual history as a background to the rulings on

17  these motions to dismiss.

18     On December 28, 2007, Plaintiff Stanley Galyean ("Plaintiff") received a $320,000 loan

19  from lender (and Defendant) IndyMac Bank ("IndyMac") and granted a deed of trust on real

20

21

22  [1] OneWest Bank is also named as a moving party in this motion; since OneWest Bank is not a named defendant to this action and has not appeared, the Court is at a loss to understand why it chose to be included as a moving party.

23  [2] Plaintiff Stanley Galyean filed a "Plaintiffs' Reply to OneWest Bank, Freddie Mac, MERS, Reply in Support of Motion to Dismiss" (Dkt. No. 60). The pleading is a substantive surreply, which is not permitted by the Local Rules and for which Plaintiff sought no leave from the Court. This briefing was not considered and is ordered

24  STRICKEN.

1  property located at 3315 97th Drive SE in Everett, Washington.  On January 7, 2008, the Deed of

2  Trust was recorded in Snohomish County.

3  　　　In July of 2008, IndyMac went into receivership and was taken over by the Federal

4  Deposit Insurance Corporation ("FDIC").  Defendant IndyMac Federal Bank, FSB ("IndyMac

5  Fed") was created as a successor bank.

6  　　　In October, 2008, Plaintiff sent a letter to IndyMac Fed, stating in essence that (1) he had

7  never consented to a financial relationship with IndyMac Fed and (2) he had sent a $320,000

8  promissory note as full payment on his loan.  The letter stated that failure to respond would

9  release his loan obligation; IndyMac Fed did not respond to the letter.  In December of 2008,

10  Plaintiff ceased making payments on the loan.

11  　　　On March 13, 2009, Defendant Northwest Trustee Service, Inc. ("NWTS") mailed a

12  notice of default to Plaintiff, which Plaintiff acknowledges receiving (*see* Complaint ¶ 248).  On

13  March 16, 2009, Plaintiff sent IndyMac Fed (1) "Notice and Demand for Recipient Copies of

14  J099-OID/1899-INT/1099A to Cover Eligible Issues in Recharging Information,

15  Account/WASE No. 08CR-1234S-A, Notice of Request to Provide Accounting Pursuant WA

16  UCC § 9210" (Dkt. No. 1, Ex. 11); (2) "Request for Debt Validation" (Id., Ex. 12); and (3)

17  "Rescission of Signatures/Waiver of Benefits and Privileges/Dissolution of Adhesion

18  Contracts/Revocation of Power(s) of Attorney as They Rela[t]e to Home Eq. Servicing

19  Mortgage, Loan Account No. 1010865001" (Id., Ex. 13).

20  　　　On April 6, 2009, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"),

21  acting as a nominee for Defendant IndyMac, executed an Assignment of Deed of Trust to

22  Defendant IndyMac Fed; that assignment was recorded in Snohomish County on April 20, 2009,

23  the same day that IndyMac Fed appointed Northwest Trustee Services, Inc. ("NWTS") as

24

1 | successor trustee under the Deed of Trust.  Plaintiff's complaint indicates his knowledge of the

2 | assignment and the recording of that document.  (Complaint, ¶¶ 251-252.)

3 |        Four days later, NWTS mailed a Notice of Trustee's Sale to Plaintiff and posted the

4 | notice at the property in question.  On April 27, 2009, NWTS recorded a Notice of Trustee's

5 | Sale.  The sale was originally set for July 31, 2009, but was postponed to October 2, 2009.

6 | Plaintiff made no attempt to enjoin or restrain the sale and the property was sold to Defendant

7 | Federal Home Loan Mortgage Corporation ("FHLMC").  NWTS executed a Trustee's Deed to

8 | FHLMC and the Trustee's Deed was recorded on October 8, 2010.

9 |        On August 1, 2013, Plaintiff filed the instant lawsuit.

10 |                                 **Discussion/Analysis**

11 |        There are seven named defendants in this action (not counting "John Doe" defendants);

12 | three of them have not been served or made an appearance; the four defendants who are named

13 | and served have filed motions to dismiss against Plaintiff.  The causes of action identified in

14 | Plaintiff's complaint are:

15 | **Count 1**       Declaratory Relief
     **Count 2**       Quiet Title Claims
16 | **Count 3**       Slander of Title
     **Count 4**       Washington Consumer Protection Act  ("WCPA")
17 | **Count 5**       Contract Causes of Action and Claims
18 | **Count 6**       Declaratory Relief and Order in Favor of Plaintiffs for Breach of International
                     Commercial Claim within Admiralty
19 | **Count 7**       Fair Debt Collection Practices Act Violations ("FDCPA")
     **Count 8**       Breach of Contract and Theft against IMF/FMB, NWTS, RCO, FreddieMac
20 | **Count 9**       "Fair Debt Reporting Act"[3]
     **Count 10**      Real Estate Settlement Procedures Act  ("RESPA")
21 | **Count 11**      U.S. Postal Service Mail Fraud

22 |

23 |        [3] Plaintiff identifies this cause of action as the Fair Debt Reporting Act, but provides no statutory citation.
     Defendants treat the claim as arising under the Fair *Credit* Reporting Act (15 U.S.C. § 1681) and Plaintiff makes no
24 | objection; the Court will treat this claim as one brought under the Fair Credit Reporting Act.

ORDER ON MOTIONS TO DISMISS- 4

**Plaintiff Global Trust #2 is not properly before the Court**

Mr. Galyean is entitled to represent himself as a plaintiff in this lawsuit.  A person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." WSBA v. Great W. Union Fed. Savings & Loan Assoc., 91 Wn. 2d 48, 56 (1978). While it is unclear what kind of entity "Global Trust #2" is, it is most certainly not a person.  As an artificial entity, its interests in any court proceeding must be represented by a person acting in its behalf.  Such representation is the practice of law, and of course such a representative must be a licensed attorney in good standing with the jurisdiction.  RCW 2.48.170.  Any corporation appearing before the court must be represented by an attorney.  Lloyd Enterp's, Inc. v. Longview Plumbing & Heating Co., 91 Wn.App. 697, 701 (1998); review denied, 137 Wn.2d 1020 (1999).

The Court cannot tell from the court file who is representing Global Trust #2, but no attorney has filed an appearance on its behalf.  If Mr. Galyean is purporting to represent the entity, it is the unlicensed practice of law.  At the conclusion of Plaintiffs' responsive briefing in the NWTS/RCO motion, the signature line reads "Doug Eklund, Trustee for Global Trust #2," (Dkt. No. 48, p. 14), but Mr. Eklund has not filed an appearance on behalf of the entity, nor is there any indication that he is a lawyer.

Plaintiff Global Trust #2 is not properly before this Court, and any claim dependent upon it is subject to dismissal on jurisdictional grounds.

**Count 9 (FCRA) and Count 10 (RESPA)**: Insufficiently plead

FRCP 9(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

After incorporating Paragraphs 1 through 266 by reference, Plaintiff's claim for a violation of the Fair Credit Reporting Act ("FCRA") only consists of the allegation that

> Defendants violated numerous provisions of the [FCRA] by notifying the different credit reporting agencies and providing inaccurate negative information on Plaintiff that will be verified through discovery.

Complaint, ¶ 350.  This is clearly inadequate to apprise the defendants of the basis of Plaintiff's claim and exactly which of them is alleged to have violated the FCRA.   The Court cannot, however, dismiss this cause of action without permitting Plaintiff an opportunity to amend to include any factual allegations which identify the defendants with specificity and also support the allegation.  And (as explained below in the statute of limitations discussion) because of the way the statute of limitations for the FCRA is structured, this claim is not subject to outright dismissal on grounds of untimeliness.

After again incorporating Paragraphs 1 through 266 by reference, Plaintiff's claim for a violation of RESPA merely states "Through discovery as to what can be proven at trial and parties to this cause of action."  Complaint, ¶ 352.  Dismissal under 12(b)(6) is proper whenever a complaint fails to allege sufficient facts "to support a cognizable legal theory."  Shroyer v. New Cingular Wireless Services, Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).  Plaintiff here alleges no facts.  Additionally (as discussed below), this claim is barred by the statute of limitations.

**Counts 4, 7, 9, 10 (and Deed of Trust Act violations):** Statute of limitations

All but one of Plaintiff's causes of action (the FCRA count) accrued at the latest by October 2, 2009, the date of the foreclosure sale.  For some of his claims, accrual may have been even earlier.  As mentioned previously, Plaintiff filed this lawsuit on August 1, 2013.

*Count 4 (Washington Consumer Protection Act)*

RCW 19.86.120 states that "Any action to enforce a claim for damages under [the Consumer Protection Act] shall be forever barred unless commenced within four years after the cause of action accrues."

1    In the portion of the complaint outlining this cause of action, Plaintiff identifies the

2    following actions as violations of the WCPA: (1) NWTS filing "notices purporting to conduct an

3    unsupervised nonjudicial foreclosure auction sale of plaintiffs' premises on behalf of unqualified

4    or non-entity beneficiaries in violation of the [Deed of Trust Act] (Id., ¶ 301); (2) NWTS

5    violating "their duty of good faith to plaintiff homeowner by, among other things, acting as the

6    attorney for one or more of the beneficiaries or other parties in this case" (Id., ¶ 302); and (3) the

7    creation of the "four-party MERS deed of trust," which "does not comply with Washington's

8    Deed of Trust Act."  (Id., ¶ 302e.)

9        Plaintiff assigns no dates to these activities, but the parties agree that NWTS was

10   appointed successor trustee and the notices of foreclosure sale were mailed out by NWTS on

11   April 20, 2009, and the original deed of trust was created in December 2007 and recorded in

12   January 2008.  Thus, the latest date the CPA cause of action could have accrued was April 20,

13   2009; Plaintiff's August 1, 2013 filing is well past the expiration of the statutory period for this

14   claim.  This claim is untimely and will be dismissed with prejudice, as amendment would be

15   futile.

16   *Count 7(Fair Debt Collections Practices Act)*

17       The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* has the

18   following statute of limitations:

19       (d) Jurisdiction
         An action to enforce any liability created by this subchapter may be brought in any
20       appropriate United States district court without regard to the amount in controversy, or in
         any other court of competent jurisdiction, within one year from the date on which the
21       violation occurs.

22
     15 U.S.C.A. § 1692k(d).
23

24

Plaintiff identifies the violation of the FDCPA for which he is suing as follows:

> NWTS took nonjudicial action to dispossess of Plaintiffs [*sic*] of the title to their property when it began the foreclosure process by issuing the notice of default of the entity that allegedly had actual physical possession of the note; it therefore lacked the right to effect dispossession of Plaintiffs' property… [in violation of] § 1692f(6)(A) of the FDCPA.

Complaint, ¶ 341.   The notice of default was mailed to Plaintiff on March 13, 2009; his right to sue under the FDCPA expired on March 13, 2010.   There is no amendment which would cure this defect and this claim will be dismissed with prejudice.

*Count 9 (Fair Credit Reporting Act)*

The statute of limitations for the Fair Credit Reporting Act ("FCRA") reads:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--
>
> **(1)** 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> **(2)** 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C.A. § 1681p.

Plaintiff's allegations concerning the violation of this statute are extremely broad: "Defendants violated numerous provisions of the [FCRA] by notifying the different credit reporting agencies and providing inaccurate negative information on Plaintiff that will be verified through discovery." Complaint, ¶ 350.   While this is extremely vague, it at least suggests discovery by Plaintiff of the basis for FRCA liability sometime between 2009 (presumably the offending information which was allegedly provided concerned the March 2009 notice of default) and the time of filing.

1         Since there is no way to know from the complaint <u>when</u> the discovery was made, there

2   remains the possibility that it was discovered sometime in the two years preceding the filing of

3   the complaint.  And, because the absolute "5 years after the date on which the violation…

4   occurs" has not expired, the Court cannot say with certainty that amendment of the complaint

5   would be futile, so Plaintiff will be given an opportunity to amend this portion of his pleading to

6   conform to procedural requirements.  Plaintiff is also be cautioned to specify <u>which</u> Defendants

7   have allegedly violated this order – neither MERS nor the law firm nor the trustee is in the

8   business of providing information to credit reporting agencies.  Plaintiff needs to identify with

9   specificity who allegedly provided the offending information and when it was allegedly

10  provided.

11  *Count 10 (RESPA)*

12        The limitations period for RESPA is described in the statute as follows:

13
14      Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged

15  to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the

16  occurrence of the violation…

17  12 U.S.C.A. § 2614.

18        Plaintiff's complaint appears to allege a violation of § 2605 (the header reads "**COUNT**

19  **10 REAL EATATE** (*sic*) **SETTLEMENT PROCEDURES ACT ("RESPA"), 12 U.S.C. §**

20  **2605 AGAINST IMB/IMFB**"), which concerns notice to borrowers upon transfers of loans and

21  the requirement of responding to inquiries from the borrower.  The statute has a "3 years from

22  the date of the violation" limitation period.  Calculating backwards from the date of the filing of

23  the complaint, any violation would have had to occur no later than August 1, 2010. By October,

24

1   2009, Plaintiff's property had already been sold in a foreclosure sale and the deed of trust

2   recorded.  And the complaint does not allege any further transactions or correspondence

3   regarding the loan after 2009.

4           The doctrine of equitable tolling (or, in this case, the discovery rule) might apply if, in

5   spite of Plaintiff's due diligence, he could not obtain information vital to the existence of his

6   claim.  <u>Jensen v. Quality Loan Svc. Corp.</u>, 70-2 F.Supp.2d 1183, 1195 (E.D.Cal. 2010).  Plaintiff

7   makes no such claim here.  On the contrary: his claims regarding the impropriety of the loan

8   transfers and the nonresponsiveness of various defendants indicate that he had all the information

9   he needed concerning the existence of this cause of action prior to October 2009.

10          The Court finds that, even if he were permitted to amend this claim, Plaintiff can allege

11  no set of facts which would satisfy the statutory limitation period for RESPA.

12  *Deed of Trust Act*

13          Although Plaintiff does not specifically identify violations of this statute as one of his

14  causes of action, the complaint is littered with allegations that Defendants' actions contravened

15  the Deed of Trust Act ("DTA"), RCW 61.24.005 *et seq*.  But a claim for violations of the DTA

16  must be asserted within two years from the date of the foreclosure sale; in Plaintiff's case,

17  October 2, 2011.  No amendment of these allegations could possibly satisfy the limitations

18  period, and Plaintiff is precluded from alleging any violations of the DTA based on the

19  foreclosure sale on his property.

20  **Failure to state claim upon which relief may be granted**

21          The parties attack the remainder of Plaintiff's causes of action based on his failure to

22  allege plausible claims.  FHLMC and MERS join in all of NWTS and RCO's arguments.

23

24

ORDER ON MOTIONS TO DISMISS- 10

1 | _Count 1 (Declaratory Relief)_

2     The closest Plaintiff comes to actually requesting declaratory relief is in ¶ 274 of his

3 complaint:

4         Plaintiffs ask for a court order to nullify and void the Assignment of Deed of Trust,
Appointment of Successor Trustee, Notice of Foreclosure, Trustee's Deed, Writ of

5         Restitution filed in Snohomish Court Superior Court (_sic_), and nullify the eviction notice
served by the Snohomish County Sheriff's Office.

6

7 Complaint, ¶ 274.

8     Defendants attack this pleading on the grounds that it is "unclear" and then argue that

9 "[t]he Complaint does not plead any of the necessary elements to invoke declaratory relief…"

10 NWTS/RCO Mtn, p. 10.  They neglect, however, to state what those "necessary elements" are or

11 provide any statutory or case authority for their argument.

12     The Court finds that this cause of action is subject to dismissal because this is not an

13 appropriate action for declaratory relief, which exists primarily to establish rights prior to the

14 point where claims for damages or injunctive relief have arisen.  "In effect, it brings to the

15 present a litigable controversy, which otherwise might only be tried in the future."  Societe de

16 Conditionnement v. Hunter Eng. Co., 655 F.2d 938, 943 (9th Cir. 1981).

17     That is not the case here – clearly, whatever damages might have been caused by

18 Defendants' alleged malfeasance have already occurred: default has been declared and Plaintiff

19 has been deprived of the ownership and use of the house.

20         Although the availability of alternative remedies is not a bar to declaratory relief,
Fed.R.Civ.P. 57, the district court may in its discretion refuse declaratory relief if the

21         alternative remedy is more appropriate.

22 Smith v. Metropolitan Property and Liability Ins. Co., 629 F.2d 757, 759 (2nd Cir. 1980).

23

24

1    Whether to grant declaratory relief is entirely within the court's discretion, as is the

2    extent to which it is granted.  <u>Strawberry Water Users Assn v. United States</u>, 576 F.3d 1133,

3    1142 (10th Cir. 2009).  The Court finds the alternative remedies available to Plaintiff (if any

4    exist) would be more appropriate and dismisses this cause of action with prejudice.

5    *Count 2 (Quiet Title)*

6    There are multiple problems with this cause of action which render it subject to dismissal:

7    • <u>As to Defendants NWTS and RCO</u>:  these parties assert no title interest in the property,

8    therefore no quiet title claim may be brought against these defendants.  This claim is

9    therefore dismissed against them.

10    • <u>As to Defendants FHLMC and MERS</u>: the Complaint alleges that the recorded title

11    holder of the property is "Plaintiff, Global Trust # 2."  Complaint, ¶ 277.  And ¶ 291 (the

12    "Quiet Title" cause of action) states "Wherefore, Plaintiff, Global Trust Duo #2,"

13    respectfully prays this Federal District Court…"  As discussed above, Global Trust #2 is

14    not properly before this Court and cannot maintain any cause of action against these

15    Defendants on its own behalf.  On that ground, as regards these defendants, the quiet title

16    action will be dismissed.   This dismissal must be without prejudice to allow an

17    opportunity for the entity to appear before the Court with proper representation.  Such

18    appearance must be made by the date upon which the amended complaint must be filed

19    (10 days from the date of this order).

20    *Count 3: Slander of Title*

21    Defendants NWTS and RCO are the only parties which brief this cause of action.  After

22    listing the elements of a slander of title claim, they argue that Plaintiffs' claim fails because they

23    "cannot <u>demonstrate</u> that any statements were false;" Defendants also argue that Plaintiffs do not

24

1  allege that any statements made by Defendants were false. Dkt. No. 36, p. 14 (emphasis

2  supplied).  In fact, Plaintiffs do allege that false statements were made (*see*, e.g., Complaint ¶¶

3  294-95).  And Plaintiffs do not have to "demonstrate" that any statements were false; a motion to

4  dismiss is concerned solely with the sufficiency of their <u>allegations</u>.

5         But this cause of action will still be dismissed for the reason that it is susceptible to a

6  timeliness claim.  A claim for slander of title in Washington is subject to a three year statute of

7  limitations as laid out in RCW 4.16.080. <u>Cuddeback v. Land Home Fin. Servs.</u>, 2011 WL

8  903881, at *4 (W.D.Wash. Mar. 14, 2011); *see also* <u>Pruss v. Bank of America NA</u>, 2013 WL

9  5913431, at *4 (W.D.Wash., Nov. 1, 2013).  Of the false documents alleged in this claim to have

10  been published with malice, the latest-filed is the Notice of Trustee Sale (Complaint, ¶ 296)

11  which was filed on April 24, 2009.   The statute of limitations expired well over a year before

12  this complaint was filed.   Amendment would be futile and the claim will be dismissed with

13  prejudice.

14  *<u>Count 5 (Contract Causes of Actions and Claims)</u>*

15         There are several pleading problems with this cause of action.  Presumably, the contract

16  that Plaintiff is referring to is the Deed of Trust ("Plaintiffs alleges (*sic*) the Deed of Trust

17  instrument is unenforceable…"; Complaint, ¶ 331).  First, Plaintiff asserts that "there is a lack of

18  good contractual capacity by the various alleged beneficiaries represented by the trustees to bring

19  an action under the DTA" (<u>Id.</u>) and neither specifies the nature of the "lack of good contractual

20  capacity" or to <u>which</u> beneficiaries he is referring.  Second, he alleges that "the note and Deed of

21  Trust were contracts of adhesion and procedurally and/or substantively unconscionable" (<u>Id.</u>)

22  without specifying how those documents satisfy those descriptions; a clear violation of <u>Bell</u>

23

24

1   Atlantic Corp. v. Twombly (550 U.S. 544, 545 (2007)), which requires more than a formulaic

2   recitation of the elements of a cause of action.

3           Finally, Plaintiff devotes four paragraphs of the complaint alleging various contractual

4   violations by NWTS.  Complaint, ¶¶332-335.  But a review of the Deed of Trust (which Plaintiff

5   attached to his complaint as Exhibit 4) reveals that NWTS is not a party to that contract and

6   therefore cannot be subjected to any contractual causes of action regarding that document.

7   However; it cannot be said that it would be futile to allow Plaintiff to amend to correct some (if

8   not all) of these defects, so the dismissal of this claim will be without prejudice.

9   _Count 6 (Declaratory Relief and Order in Favor of Plaintiffs for Breach of International_

10  _Commercial Claim within Admiralty)_

11          This claim will be dismissed with prejudice.  Plaintiff cites to no statutory authority

12  which supports the existence of an "International Commercial Claim within Admiralty" and the

13  Court is aware of none.  There is nothing in the facts as alleged by Plaintiff which supports in

14  any fashion a claim sounding in maritime law of any sort.

15  _Count 8 (Breach of Contract and Theft Against IMB/IMFB, NWTS, RCO, FREDDIE MAC)_

16  CONTRACT CLAIMS

17      Plaintiff *appears* to present two contractual claims:

18      First, that the "Defendants' acceptance of TARP money created an obligation to modify

19  loans outstanding on Plaintiffs' real estate…"  Complaint, ¶ 344.  The complaint contains no

20  explanation of what "TARP money" is, nor is the Court requested to take judicial notice of any

21  facts which might establish the permissible use of the term..  Count 8 does not contain a "short

22  and plain statement of the claim showing that the pleader is entitled to relief" (FRCP 8(a)(2)) –

23

24

ORDER ON MOTIONS TO DISMISS- 14

1   e.g., there is no explanation of how "Defendants' acceptance of TARP money" even created a

2   contract.

3

4       Plaintiff goes on to claim that he is the "intended third party beneficiar[y] of the contracts

    between the United States Government, certain intermediaries and the Defendants."  Complaint,

5   ¶ 345.  Again, there is no allegation that such contracts exist or how they were created, and the

6   Ninth Circuit cases which have examined loan modification programs have generally held that

7   borrowers do not legally qualify as the intended beneficiaries of the programs.  *See, e.g.,* Graybill

8   v. Wells Fargo Bank, N.A., 2013 WL 978245 (N.D. Cal. 2013).

9

10      Second, Plaintiff alleges: "Defendants, and each of them, breached their contractual

11  obligations to Plaintiffs as set forth herein.  *Defendants further breached the contractual*

12  *obligations owing to Plaintiffs in the manners alleged hereinabove.*"  Complaint, ¶ 346

13  (emphasis supplied).  The first sentence presumably refers to the "TARP money contract."  The

14  second would seem to refer to contracts covered in the preceding portions of the complaint;

15  mainly, the Deed of Trust and loan agreement.  Aside from its impermissible breadth and

16  vagueness (neither the Court nor the  Defendants may be required to comb through the preceding

17  82 pages of Plaintiff's complaint to figure out what which part of "hereinabove" might relate to

18  contractual claims), this claim is defeated by the evidence that Plaintiff defaulted on the

19  mortgage payments (Complaint, Ex. 9).  It is black letter contract law in Washington that

20
            [i]f a contract requires performance by both parties, the party claiming
21          nonperformance of the other must establish as a matter of fact the party's own
            performance. [*citation omitted*.] Thus, the first issue to resolve is whether
22          plaintiffs sufficiently performed under the agreement to claim nonperformance of
            defendants.
23

24  Willener v. Sweeting, 107 Wn.2d 388, 394 (1986).

1       This prohibition applies equally to both of Plaintiff's contractual claims.  His defaulting

2   on the loan constitutes non-performance of the contract and prevents him from advancing any

3   claims for breach of contract.

4   CRIMINAL CLAIMS/THEFT CAUSE OF ACTION

5       Defendants attack Plaintiff's allegations that they have violated a series of misdemeanor

6   and felony statutes relating to real estate transactions: RCW 9.38.020 (false representation re:

7   title), RCW 9.45.090 (knowingly receiving a fraudulent conveyance), RCW 9A.60.03 (obtaining

8   a signature by duress), RCW 40.16.030 (offering a false instrument), and RCW 65.12.750

9   (fraudulently procuring a certificate of title).  Defendants point out that citizens are not

10  authorized to bring felony criminal charges and that Plaintiff has not properly filed misdemeanor

11  criminal charges pursuant to RCW 10.37.015.

12      The Court finds these particular citations to criminal statutes within Plaintiff's complaint

13  to be non-issues, however.  Plaintiff only mentions that Defendants allegedly violated these

14  statutes as a means of illustrating why he considers the loan instruments null and void.  *See*,

15  **COUNT 1 – DECLARATORY RELIEF**; Complaint, ¶¶ 267-275.  They are not set out as

16  separate causes of action and he does not request any relief (i.e., jail time or fines) for the alleged

17  violations of these criminal statutes.  Plaintiff's allusions to these alleged criminal violations will

18  not need to be addressed as part of the motion to dismiss.

19      But Plaintiff does allege "theft" as part of **COUNT 8 BREACH OF CONTRACT AND**

20  **THEFT AGAINST IMB/IMFB, NWTS, RCO, FREDDIE MAC.**  Plaintiff's theft allegations

21  will be dismissed with prejudice on the grounds that he is not permitted to prosecute theft claims

22  civilly.  Since the allegations of the complaint concern property worth in excess of $5000,

23

24

1   Plaintiff is alleging theft in the first degree, which is a felony in the State of Washington.  RCW

2   9A.56.030.

3           RCW 10.37.015(1) states: "No person shall be held to answer in any court for an alleged

4   crime or offense, unless upon information filed by the prosecuting attorney or upon an

5   indictment by a grand jury…"  Plaintiff is not entitled to prosecute a felony theft charge and this

6   part of Count 8 will be dismissed with prejudice.

7   *Count 11 (Mail fraud)*

8           Plaintiff alleges that "Defendants used the U.S. Mail Service to collect an unlawful debt

9   and steal Plaintiffs' real and personal property."  Complaint, ¶ 354.  U.S. Postal Service mail

10  fraud is a federal crime (18 U.S.C. § 1341) and only the U.S. Attorney is authorized to prosecute

11  criminal offenses against the United States.  28 U.S.C. § 547(a).  Private citizens have no right to

12  demand a criminal prosecution by a sovereign entity.  As stated in <u>Keyter v. 230 Government</u>

13  <u>Officers</u>:

14          [P]rivate citizens are not permitted to enforce criminal statutes or prosecute crime. *See*
            <u>Keyter v. Bush</u>, No. 03–2496, *slip op.* at 6–7 (D.D.C. Aug. 6, 2004) ( *citing* <u>Rockefeller</u>
15          <u>v. U.S. Court of Appeals Office for Tenth Circuit</u>, 248 F.Supp.2d 17, 22 (D.D.C.2003))
            ("the plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. § 242 ...
16          because, as criminal statutes, they do not convey a private right of action."); *see also* 28
            U.S.C. § 547(1) (stating that the United States Attorney "shall prosecute ... all offenses
17          against the United States....").

18

19  <u>Keyter</u>, 372 F.Supp.2d 604, 610-611 (W.D.Wash. 2005).  This cause of action will be dismissed

20  with prejudice.

21  **Plaintiff's Defenses**

22          It must be noted that Plaintiff provides essentially <u>no</u> direct responses to any of the above

23  arguments put forward by the moving parties.  Essentially, Defendants' arguments for dismissal

24

1  of Plaintiff's complaint stand unrebutted, except for two "all purpose" legal theories which

2  Plaintiff presents in response to both sets of motions.

3  *Loan instruments and foreclosure sale are void and unenforceable*

4  In both of his responsive briefs, Plaintiff makes the argument that "[t]here is no statute of

5  limitations for challenging void actions of lenders."  Dkt. No. 48, p. 5; Dkt. No. 53, p. 10.  He

6  cites no legal authority for this proposition, although he attempts to analogize from cases holding

7  that a void judgment can be challenged at any time (Columbia Valley Credit Exchange, Inc. v.

8  Lampson, 12 Wn.App. 952, 956 (1975)) and that there is no statute of limitations on challenging

9  a void covenant amendment (Keller v. Sixty-01 Associates, 127 Wn.App. 614 (2005)).

10  There is no logical connection between void judgments, void covenant amendments and

11  the allegations of wrongdoing he asserts against the defendants.  Furthermore, Plaintiff's lack of

12  any supporting case law directly on point dooms this argument.  If adopted, his proposition

13  would completely defeat the purpose of statutes of limitation:

14  Statutes of limitations are intended to promote justice by preventing surprises through the
    revival of claims that have been allowed to slumber until evidence has been lost,
15  memories have faded, and witnesses have disappeared.

16  Gabelli v. SEC, ___ U.S. ___, 133 S.Ct. 1216, 1221 (2013).  Were the Court to adopt Plaintiff's

17  position, a void loan agreement or improper non-judicial foreclosure sale could be attacked

18  decades after the fact, a state of affairs completely contrary to the current state of jurisprudence.

19  *Discovery rule*

20  Under the discovery rule, a cause of action does not accrue – and the statute of limitations

21  clock does not begin ticking – until a plaintiff knows, or has reason to know, the factual basis for

22  the cause of action.  Bowles v. Wash. Dept. of Ret. Sys., 121 Wn. 2d 52, 79-80 (1993).

23

24

1        Plaintiff believes that the discovery rule operates to shield him from any statute of

2  limitations defense and asserts that "[w]hether or not he had sufficient information to place him

3  outside of the discovery rule is a question of fact that cannot be decided on a motion to dismiss."

4  Dkt. No. 48, p. 6.  Again, he presents no legal authority for this position.

5        The reality is that the discovery rule is of no use to Plaintiff under these circumstances.

6  For one thing, "where the legislature has clearly delineated the event that starts the running of the

7  limitations period," the discovery rule does not apply. In re Parentage of C.S., 134 Wn.App. 141,

8  147   (Div. 1 2006).  That would be the case as to any alleged violations of the Deed of Trust

9  Act, where the legislature has clearly marked the event triggering the limitations period: the date

10  of the foreclosure sale.  RCW 61.24.127.

11        Even in those instances where that is not the case, however, Plaintiff cannot avail himself

12  of the discovery rule because, by his own admission, he was aware of the factual basis for his

13  claims for many years; well in advance, in fact, even of the foreclosure sale.  As early as 2008,

14  he sent letters to IndyMac Federal raising issues about the origination and transfer of his loan.

15  Complaint, Exs. 5, 12, 13).  In his response brief, Plaintiff lays out in detail his efforts to dispute

16  his debts, the legitimacy of his loan and the foreclosure process prior to the sale in March 2009.

17  Dkt. No. 53, pp. 13-15.

18        The purpose of the discovery rule is to protect plaintiffs who have been injured by fraud

19  and are unaware of the fact that they have been injured through no fault or lack of diligence on

20  their part.  Gabelli, 133 S.Ct. at 1221.  In applying the discovery rule, the issue is when the

21  plaintiff knew of the relevant facts, not when the plaintiff knew that those facts established a

22  cause of action.  Cox v. Oasis Physical Therapy, PLLC, 153 Wn.App. 176, 191 (2009).  By

23

24

1  Plaintiff's own admissions, he knew of the relevant facts cited in his complaint (at the latest) by

2  the date of the notice of the foreclosure sale in April 2009.

3       The discovery rule does not shield Plaintiff from the operation of the statutes of

4  limitations nor the requirements of <u>Twombly</u>, <u>Iqbal</u> and FRCP 12(b)(6).

5  **<u>Conclusion</u>**

6       To summarize, and for ease of access when determining what claims may still be brought

7  by way of an amended complaint, here are the Court's rulings, count by count:

8  **Count 1**     Declaratory Relief
                 **<u>Dismissed with prejudice</u>** (all parties)

9

10 **Count 2**     Quiet Title Claims
                 **<u>Dismissed with prejudice</u>** (as to NWTS and RCO); **<u>dismissed with leave to amend</u>** (as to MERS and FHLMC)

11

   **Count 3**     Slander of Title
12                  **<u>Dismissed with prejudice</u>** (all parties)

13 **Count 4**     Washington Consumer Protection Act
                 **<u>Dismissed with prejudice</u>** (all parties)

14

15 **Count 5**     Contract Causes of Action and Claims
                 **<u>Dismissed with leave to amend</u>** (as to Plaintiff Global Trust #2 – if properly represented -- and Plaintiff Galyean)

16

17 **Count 6**     Declaratory Relief and Order in Favor of Plaintiffs for Breach of International Commercial Claim within Admiralty
                 **<u>Dismissed, with prejudice</u>** (all parties)

18

19 **Count 7**     Fair Debt Collection Practices Act Violations
                 **<u>Dismissed with prejudice</u>** (all parties)

20 **Count 8**     Breach of Contract and Theft against IMF/FMB, NWTS, RCO, FreddieMac
                 **<u>Dismissed with prejudice</u>** (all parties)

21

22 **Count 9**     "Fair Debt Reporting Act" (Fair Credit Reporting Act)
                 **<u>Dismissed, with leave to amend</u>** (all parties except MERS, NWTS and RCO)

23 **Count 10**   Real Estate Settlement Procedures Act
                 **<u>Dismissed with prejudice</u>** (all parties)

24

1

2 **Count 11**     U.S. Postal Service Mail Fraud
                **Dismissed with prejudice** (all parties)

3 **XXXXX**     Deed of Trust Act
                **Dismissed with prejudice** (all parties)

4
            Plaintiff is ordered to file his amended complaint within 10 days of the filing of this

5 order; failure to comply may result in complete dismissal of this action.

6

7
            The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

8
            Dated April 14, 2014.

9

10

11

12                                    _____
                                      Marsha J. Pechman
13                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTIONS TO DISMISS- 21