UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN,<br><br>              Plaintiff,<br><br>   v.<br><br>NORTHWEST TRUSTEE SERVICES INC, et al.,<br><br>             Defendants. | CASE NO. C13-1359 MJP<br><br>ORDER DECLINING TO SERVE SUMMONS AND COMPLAINT |

On April 29, 2014, Plaintiff filed with this Court a motion to serve summons and complaint on two previously unnamed parties, "Mandeep Kaur and Marmandip S. Birak, husband and wife, whose address is 3315 97th Drive SE, Lake Stevens, Washington, 98208." (Dkt. No. 70.) In response, the Court "ordered [Plaintiff] to show cause why the individuals named in 'Motion the Court to Serve Summons and Complaint On' should be added as defendants and summoned to appear before this Court to defend this lawsuit."

1    Plaintiff filed his "Response to Courts Order to Show Cause" and the Court has reviewed

2 that pleading.[1]  Having reviewed Plaintiff's arguments and the authorities he cites in support of

3 his request, the Court rules as follows:

4    IT IS ORDERED that Plaintiff's request that summons and complaint be served upon

5 Mandeep Kaur and Marmandip S. Birak is DENIED.

6    By its Order to Show Cause, the Court required Plaintiff to provide the legal justification

7 by which this Court could exercise jurisdiction over these previously-unnamed parties who, as

8 had been speculated, are currently in possession of the property previously owned by Plaintiff

9 and the subject of this lawsuit.  Much of Plaintiff's response to this OSC covers issues irrelevant

10 to the Court's request (including his gratuitous request to declare the foreclosure sale of the

11 property "null and void"), but he does make this clear statement in defense of his motion to add

12 these parties:

13     Because the named Defendants are in possession of Plaintiff's property without valid enforceable title to that property, Plaintiff has the right and the obligation to
14     include them in this lawsuit to Quiet Title and settle all claims in a Court of law with proper jurisdiction to hear such claims.

15 Dkt. No. 70, p. 3, ¶ 7.

16    It is the finding of this Court that Plaintiff does not have the right to bring a cause of

17 action to quiet title against these parties.  It is undisputed that at no time following receipt of the

18 Notice of Trustee's Sale in April 2009 did Plaintiff move to enjoin the foreclosure sale on the

19 property at issue.  This places Plaintiff's lawsuit squarely within the ambit of RCW 61.24.127, a

20 Washington statute which prohibits a borrower who has not brought a civil action to enjoin a

21

22

23    [1] Plaintiff also titled the same document "Motion to Declare the Assignment of Deed of Trust and Appointment of Successor Trustee Null and Void" and includes a paragraph at the conclusion of the pleading requesting such a declaration.  Since this is completely outside the scope of the response requested by the Court and
24 not properly noted as a motion, the request will be denied.

ORDER DECLINING TO SERVE SUMMONS
AND COMPLAINT- 2

foreclosure sale from bringing any claim for damages except claims asserting (1) fraud or misrepresentation, (2) a violation of Title 19 RCW, (3) a failure of the trustee to materially comply with the provision of RCW 61.24 or a violation of RCW 61.24.026. Even those claims which may be brought are subject to the following limitations:

A. They must be brought within two years from the date of the foreclosure sale (which in this case occurred in October, 2009) or within the applicable statute of limitations for such claim, whichever expires earlier;

B. The claims may not seek any remedy at law or in equity other than monetary damages; and

C. The claim cannot impact the validity or finality of the foreclosure sale or subsequent transfer of the property.

RCW 61.24.127(1) and (2).

Plaintiff's attempt to bring the current owners of the property into this lawsuit runs afoul of every one of those limitations. His intent to subject these parties to the equitable remedy of a quiet title claim is prohibited by the statute. His lawsuit is well outside of the limitations period of two years and has the proscribed purpose of negating the validity of the foreclosure sale or subsequent transfer of the property.

Plaintiff's motion is improper in every respect and will be DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of May, 2014.

Marsha J. Pechman
United States District Judge

ORDER DECLINING TO SERVE SUMMONS
AND COMPLAINT- 3