1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN, | CASE NO. C13-1359 MJP |
| Plaintiff, | ORDER ON MOTIONS TO DISMISS |
| v. | |
| NORTHWEST TRUSTEE SERVICES INC., et al., | |
| Defendants. | |

The Court, having received and reviewed:

1.  Motions to Dismiss filed by Defendants Northwest Trustee Services ("NWTS"),

    Routh Crabtree Olsen PS ("RCO"), Federal Home Loan Mortgage Corporation

    ("FHLMC"), IndyMac Mortgage Services,  and Mortgage Electronic Registration

    Systems Inc. ("MERS") (Dkt. Nos. 77 and 79);

2.  Plaintiff's responsive pleadings (i.e., "Motion for Leave to the Court An Amended Complaint Under Rights of a Pro Se Litigant in Answer to NWT's, RCO's, One West Bank, N.A., Federal Home Loan Mortgage Corp., MERS, Inc. and MERSCORP Holdings, Inc. Motion to Dismiss" [Dkt. No. 82]; "Motion for Reconsideration and Memorandum of Law to Support Pleadings in Opposition to Dismiss and Amended Complaints" [Dkt. No. 83]; and "Memorandum of Law to Support Pleadings in Opposition to Dismiss" [Dkt. No. 85];

3.  Defendants' reply briefing (Dkt. Nos. 91 and 92)

and all attached declarations and exhibits, including the Amended Complaint (Dkt. No. 67), makes the following ruling:

IT IS ORDERED that Plaintiffs' complaint is DISMISSED in its entirety; further finding that amendment would be futile, the dismissal will be WITH PREJUDICE.

**Background**

The Court reproduces the factual background contained in its previous Order on Motions to Dismiss:

On December 28, 2007, Plaintiff Stanley Galyean ("Plaintiff") received a $320,000 loan from lender (and Defendant) IndyMac Bank ("IndyMac") and granted a deed of trust on real property located at 3315 97th Drive SE in Everett, Washington. On January 7, 2008, the Deed of Trust was recorded in Snohomish County.

In July of 2008, IndyMac went into receivership and was taken over by the Federal Deposit Insurance Corporation ("FDIC"). Defendant IndyMac Federal Bank, FSB ("IndyMac Fed") was created as a successor bank.

In October, 2008, Plaintiff sent a letter to IndyMac Fed, stating in essence that (1) he had never consented to a financial relationship with IndyMac Fed and (2) he had sent a $320,000 promissory note as full payment on his loan. The letter stated that failure to respond would release his loan obligation; IndyMac Fed did not respond to the letter. In December of 2008, Plaintiff ceased making payments on the loan.

On March 13, 2009, Defendant Northwest Trustee Service, Inc. ("NWTS") mailed a notice of default to Plaintiff, which Plaintiff acknowledges receiving (*see* Complaint

¶ 248).  On March 16, 2009, Plaintiff sent IndyMac Fed (1) "Notice and Demand for Recipient Copies of J099-OID/1899-INT/1099A to Cover Eligible Issues in Recharging Information, Account/WASE No. 08CR-1234S-A, Notice of Request to Provide Accounting Pursuant WA UCC § 9210" (Dkt. No. 1, Ex. 11); (2) "Request for Debt Validation" (Id., Ex. 12); and (3) "Rescission of Signatures/Waiver of Benefits and Privileges/Dissolution of Adhesion Contracts/Revocation of Power(s) of Attorney as They Rela[t]e to Home Eq. Servicing Mortgage, Loan Account No. 1010865001" (Id., Ex. 13).

On April 6, 2009, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as a nominee for Defendant IndyMac, executed an Assignment of Deed of Trust to Defendant IndyMac Fed; that assignment was recorded in Snohomish County on April 20, 2009, the same day that IndyMac Fed appointed Northwest Trustee Services, Inc. ("NWTS") as successor trustee under the Deed of Trust.  Plaintiff's complaint indicates his knowledge of the assignment and the recording of that document. (Complaint, ¶¶ 251-252.)

Four days later, NWTS mailed a Notice of Trustee's Sale to Plaintiff and posted the notice at the property in question.  On April 27, 2009, NWTS recorded a Notice of Trustee's Sale.  The sale was originally set for July 31, 2009, but was postponed to October 2, 2009.   Plaintiff made no attempt to enjoin or restrain the sale and the property was sold to Defendant Federal Home Loan Mortgage Corporation ("FHLMC"). NWTS executed a Trustee's Deed to FHLMC and the Trustee's Deed was recorded on October 8, 2010.

On August 1, 2013, Plaintiff filed the instant lawsuit.

(Dkt. No. 65, pp. 2-4.)

In the above-cited order, the Court granted Defendants' FRCP 12(b)(6) motions, dismissing many of Plaintiffs' causes of action with prejudice, but permitting the filing of an amended complaint to address certain deficiencies in certain claims where the Court found that amendment would not be futile. (Id., pp. 20-21.)  Plaintiff filed a 75-page amended complaint (Dkt. No. 67: "AmComplt") – the amended complaint contained some revised claims, some new claims and several causes of action which had previously been dismissed with prejudice.  In response, Defendants filed the renewed motions to dismiss which are presently before the Court.

**Discussion**

<u>Dismissal of Plaintiff Global Trust #2</u>

In the previous Order on Motions to Dismiss, the Court pointed out that Plaintiff Global Trust #2, as an "artificial entity," must be represented by someone licensed to practice law before the federal court, and that no one had filed such an appearance on its behalf.  (Dkt. No. 65, p. 5.) To date, no one has still filed an appearance on behalf of Global Trust #2 and Plaintiff Galyean has neither addressed this procedural deficiency nor provided an explanation for his Co-Plaintiff's unrepresented status or non-appearance.

Therefore, Plaintiff Global Trust #2 will be dismissed from this lawsuit for failure to appear and any claims dependent upon it will be dismissed as well.  For the remainder of this order, any reference to "Plaintiff" will solely concern *pro se* party Stanley Galyean.

<u>FRCP 41(b) motion</u>

Defendants NWTS and RCO have made a preliminary request for dismissal under FRCP 41(b) for failure to comply with an order of the court, based on Plaintiff's having essentially re-filed several causes of action which were dismissed with prejudice in the previous order.  The Court declines this request – the federal courts favor resolution on the merits and this order will proceed to review the merits of Defendants' motion to dismiss and adjudicate Plaintiff's lawsuit on that basis.

<u>Previously dismissed claims</u>

By way of review, the Court reproduces here the "Conclusion" section of the original Order on Motions to Dismiss which contains a summary of the dismissals previously entered:

To summarize, and for ease of access when determining what claims may still be brought by way of an amended complaint, here are the Court's rulings, count by count:

**Count 1**      Declaratory Relief
             **Dismissed with prejudice** (all parties)

**Count 2**      Quiet Title Claims
             **Dismissed with prejudice** (as to NWTS and RCO); **dismissed with leave to amend** (as to MERS and FHLMC)

**Count 3**      Slander of Title
             **Dismissed with prejudice** (all parties)

**Count 4**      Washington Consumer Protection Act
             **Dismissed with prejudice** (all parties)

**Count 5**      Contract Causes of Action and Claims
             **Dismissed with leave to amend** (as to Plaintiff Global Trust #2 – if properly represented -- and Plaintiff Galyean)

**Count 6**      Declaratory Relief and Order in Favor of Plaintiffs for Breach of International Commercial Claim within Admiralty
             **Dismissed, with prejudice** (all parties)

**Count 7**      Fair Debt Collection Practices Act Violations
             **Dismissed with prejudice** (all parties)

**Count 8**      Breach of Contract and Theft against IMF/FMB, NWTS, RCO, FreddieMac
             **Dismissed with prejudice** (all parties)

**Count 9**      "Fair Debt Reporting Act" (Fair Credit Reporting Act)
             **Dismissed, with leave to amend** (all parties except MERS, NWTS and RCO)

**Count 10**     Real Estate Settlement Procedures Act
             **Dismissed with prejudice** (all parties)

**Count 11**     U.S. Postal Service Mail Fraud
             **Dismissed with prejudice** (all parties)

**XXXXX**     Deed of Trust Act
             **Dismissed with prejudice** (all parties)

Dkt. No. 65, pp. 20-21.

Of the claims which were dismissed, with prejudice, against all parties, Plaintiff has

essentially re-filed (in some form or other) the following: his theft claim (AmComplt, ¶¶ 15.1-

15.4), a request for declaratory judgment (AmComplt, ¶¶ 21.1-21.9), and his Deed of Trust Act and Consumer Protection Act claims.[1]

The Court reiterates that those claims have been dismissed with prejudice, remain dismissed with prejudice, and Plaintiff may not pursue them any further in this litigation.

Previously plead claims

*Contract claims*

In his original complaint, Plaintiff had asserted that certain parties to the contract (the Deed of Trust) "lacked contractual capacity" (Dkt. No. 4, Complaint, ¶ 331) and that "the note and Deed of Trust were contracts of adhesion and procedurally and/or substantively unconscionable." (Id.)  The Court found those impermissibly vague and permitted him an opportunity to amend these allegations to include factual and legal support for his assertions. Additionally, the original contract sued Defendant NWTS for breaches of contract on the Deed of Trust, a contract to which NWTS was not a party. (Complaint, ¶¶332-335.)

Plaintiff has failed to address any of these deficiencies in his amended complaint. (AmComplt, ¶¶ 8.1-8.20.)  There continues to be a complete lack of factual allegations to support his claims of lack of capacity or illegality of contract.  Plaintiff alleges "unconscionability" on the grounds that the deed created a cloud on the title to the property (AmComplt, ¶ 8.4), but as Defendants point out, the <u>purpose</u> of a Deed of Trust is to create a cloud on the title.  Plaintiff appears to argue that the transfer of the loan somehow invalidated the contract, but in fact the deed itself made it clear that the loan could be sold (as evidenced in the document, which Plaintiff attached to his complaint).  (Dkt. No. 4, Ex. 2, p. 2.)

_____

[1] The latter two (Deed of Trust Act and Consumer Protection Act) appear as necessary elements of other parts of Plaintiff's newly-filed claims and will be addressed in the section on "Newly-filed claims."

1    Finally, and most fatally to Plaintiff's contract claims, his own failure to perform his

2    obligations under the contract (i.e., his admitted failure to make his mortgage payments)

3    effectively neutralizes his ability to complain about any other party's nonperformance.  As this

4    Court has noted previously, "[i]t is black letter contract law in Washington that

5
6          [i]f a contract requires performance by both parties, the party claiming
           nonperformance of the other must establish as a matter of fact the party's own
           performance. [*citation omitted*.] Thus, the first issue to resolve is whether
7          plaintiffs sufficiently performed under the agreement to claim nonperformance of
           defendants.
8

9    Willener v. Sweeting, 107 Wn.2d 388, 394 (1986)." (Dkt. No. 65, p. 15.)  It is beyond dispute

10   that plaintiff has not performed under the agreement, therefore he will not be heard to complain

11   against any alleged nonperformance by any of the defendants.  His contract causes of action will

12   be dismissed with prejudice.

13   *Fair Credit Reporting Act ("Fair Debt Reporting Act")*

14        In the previous Order on Motions to Dismiss, the Court permitted to Plaintiff the

15   opportunity to amend his claims regarding the Fair Credit Reporting Act ("FCRA," which he

16   continues to insist on labeling the "Fair *Debt* Reporting Act") for two reasons: (1) to permit him

17   to include specific factual allegations regarding when the allegedly false credit information was

18   reported and (2) to permit him to amend his pleadings to specify which of the Defendants he was

19   alleging had reported the false information.  (Dkt. No. 65, p. 9.)

20        Plaintiff's amended complaint failed to address either of these concerns in a meaningful

21   manner.  His amended complaint alleges that Defendants NWTS, RCO and One West Bank

22   "notif[ied] the different credit recording agencies… providing inaccurate negative credit

23   information on Plaintiffs that will be verified and proven through discovery." (AmComplt,

24   ¶ 16.2.)  This will not pass muster.  First, Plaintiff has cited no facts to rebut the assertion by

1   NWTS and RCO that they are not in the business of reporting credit information to credit

2   agencies, and thus do not fall within the ambit of the FCRA.  Second, even if One West Bank

3   may in the course of its duties provide financial information to credit agencies, a cause of action

4   which does not inform the institution of when and to whom it is alleged to have provided false

5   information is fatally deficient.  It is entirely unacceptable to say that such allegations will be

6   "verified and proven through discovery."

7         Further, as Defendants point out, Plaintiff has completely failed to plead the necessary

8   elements of the offense (including any allegation that he disputed the allegedly false information,

9   that the credit agency reported the dispute to Defendant or that Defendant failed to correct the

10   inaccuracy; 15 U.S.C. § 1681).  Having given Plaintiff an opportunity to satisfactorily amend his

11   pleadings (and told him how to do so), the Court finds that further amendment would be futile

12   and dismisses this cause of action with prejudice.

13   *Quiet title*

14         In the previous Order on Motions to Dismiss, this claim was dismissed with prejudice as

15   to Defendants NWTS and RCO, as they appear nowhere on the title to the property and Plaintiff

16   did not assert that they had a title interest.  The claim was allowed to survive against the

17   remaining Defendants solely because Plaintiff Global Trust #2 (which the original complaint

18   alleged to be the recorded title holder of the property; Complaint, ¶ 277) had not yet properly

19   appeared, and due process demanded that it be given an opportunity to appear and defend its

20   claim.

21         As noted above, Global Trust #2 has failed to appear and has been dismissed from this

22   lawsuit.  However, in his Amended Complaint, Plaintiff now represents that he is the title holder

23   and attempts to prosecute his claim on that basis.  (AmComplt, ¶ 11.8.)  Plaintiff is judicially

24

1   estopped, having claimed (and presented evidence) that Global Trust #2 was the title holder,

2   from modifying his position to address a legal deficiency in his case.   New Hampshire v. Maine,

3   532 U.S. 742, 749-50 (2001).  The Court rejects that allegation and, finding that a claim upon

4   which relief may be granted has not been stated, dismisses this quiet title cause of action with

5   prejudice.

6

7   New claims

8         Before embarking on a claim-by-claim analysis of the new causes of action appearing in

9   Plaintiff's Amended Complaint, the Court will address Plaintiff's most persistent defense to

10  Defendants' attack upon the sufficiency of his pleadings.  As in the previous motions to dismiss,

11  Defendants challenge nearly all of Plaintiff's claims on timeliness grounds.  The operative dates

12  for the statute of limitations analysis are:

13  - December 28, 2007: Plaintiff executed Deed of Trust

14  - December 2008: Plaintiff ceased making payments on the loan

15  - March 13, 2009:  NWTS mailed a notice of default to Plaintiff (which he acknowledged

16    receiving; Complaint, ¶ 248)

17  - April 24, 2009: NWTS mailed a Notice of Trustee's Sale to Plaintiff

18  - October 2, 2009: Trustee's sale held (without objection from Plaintiff)

19  - August 1, 2013: Plaintiff filed the instant lawsuit

20        Nearly every claim that Plaintiff has filed is vulnerable to attack on the basis of

21  timeliness.  Plaintiff attempts to evade the effects of the statute of limitations with a number of

22  legal theories, none of which have any legal support or logical integrity.  He argues first that,

23  because the foreclosure sale was allegedly conducted without statutory authority, it "never

24

ORDER ON MOTIONS TO DISMISS- 9

1   happened" and therefore the statute of limitations does not apply.  (Dkt. No. 82, p. 9; Dkt. No.

2   83, p. 13).  He cites to no case law which has ever adopted this position and indeed it has no

3   logical or intuitive appeal.   Were Plaintiff permitted to prevail on this argument, he could

4   arguably bring his claim to invalidate an allegedly illegal foreclosure ten, twenty, fifty years

5   from the date of the trustee's sale.  This kind of uncertainty is exactly what statutes of limitations

6   were created to avoid.

7           Statutes of limitations are intended to promote justice by preventing surprises through the
            revival of claims that have been allowed to slumber until evidence has been lost,
8           memories have faded, and witnesses have disappeared.

9   Gabelli v. SEC, ___ U.S. ___, 133 S.Ct. 1216, 1221 (2013).   The Court rejects Plaintiff's theory

10  and will enforce the statute of limitations where applicable.

11          It also appears that Plaintiff is making some argument that the statute of limitations

12  should be tolled in this case, based on his allegation that the "true parties in interest have been

13  hidden from the Plaintiff."  (Dkt. No. 82, p. 24-25.)  The Court rejects this argument as well: as

14  early as October 2008, Plaintiff sent a letter to Defendant IndyMac Federal Bank ("IMFB")

15  disputing the validity of their financial relationship and claiming that he had sent a $320,000

16  promissory note as full payment on his loan.  As this Court pointed out in the previous Order on

17  Motions to Dismiss:

18          As early as 2008, he sent letters to IndyMac Federal raising issues about the origination
            and transfer of his loan.  (Complaint, Exs. 5, 12, 13.)  In his response brief, Plaintiff lays
19          out in detail his efforts to dispute his debts, the legitimacy of his loan and the foreclosure
            process prior to the sale in March 2009.  Dkt. No. 53, pp. 13-15.
20

21  Dkt. No. 65, p. 19.  Plaintiff is not entitled to any relief from the operation of the statutes of

22  limitation.  For the vast majority of his newly-plead causes of action, their untimeliness alone is

23  grounds for dismissal.

24

ORDER ON MOTIONS TO DISMISS- 10

1  *"Constitutional claim"*

2      In his Amended Complaint, Plaintiff attempts to attack the constitutionality of the Deed

3  of Trust Act.  Initially, the Court notes that the claim is procedurally deficient: Plaintiff is

4  required by Washington statute to notify the State Attorney General of any constitutional

5  challenge to state legislation.  (RCW 7.24.110.)  There is no indication in the Amended

6  Complaint that such notification has occurred.

7      The claim fares no better on substantive grounds.  The Deed of Trust Act has already

8  been found by the Washington State Supreme Court to satisfy constitutional due process

9  requirements.  Morrell v. Arctic Trading Co., 21 Wn.App. 302, 304 (1978); *see also* Kennebec,

10  Inc. v. Bank of the West, 88 Wn.2d 718, 726 (1977).   Plaintiff is also mistaken that Washington

11  superior courts are supposed to enjoy exclusive original jurisdiction over cases involving real

12  property – under the proper circumstances, federal courts may (and do) exercise jurisdiction over

13  questions involving title or possession of real property.

14      Plaintiff's constitutional challenge fails both procedurally and substantively; it will be

15  dismissed with prejudice.

16  *Fraud*

17      This claim fails under the first of many timeliness challenges to Plaintiff's amended

18  claims.  The statute of limitations for fraud in Washington is three years.  (RCW 4.16.080(4).)

19  As noted above, Plaintiff had been corresponding with Defendants from late 2008 into early

20  2009 concerning the alleged deficiencies in the mortgage process.  The documents he cites in his

21  pleadings as evidence of the fraud perpetrated against him are the Notice of Default, the

22  Assignment of the Deed of Trust, the Notice of the Foreclosure Sale, the Postponement of the

23

24

1   Foreclosure Sale and the Trustee's Deed (Dkt. No. 82, p. 15)— all documents which he was

2   aware of (and complaining about) in 2008 and 2009.

3          Again, Plaintiff appears to advocate for some form of tolling with his allegation that

4   "[t]he issue of common law fraud did not because [*sic*] apparent to Plaintiff until he review [*sic*]

5   the recent Appellant [*sic*] and Supreme Court cases…" (<u>Id.</u>)  This claim is belied by the series of

6   letters he wrote in 2008 and 2009 complaining about the process to which he was being

7   subjected.  Much like his attempt to transfer title from Global Trust #2 to himself, he is judicially

8   estopped from denying that he was aware of and complaining about fraud and malfeasance on

9   Defendants' part well over three years prior to the filing of his lawsuit.  His fraud claim is

10  subject to dismissal with prejudice on the grounds that it was not timely filed.

11         Even were that not the case, Plaintiff's amended pleadings fail to meet the FRCP 9(b)

12  requirement that fraud must be plead with particularity.  His allegations are completely lacking

13  in details of time, place and responsible party and the Court will not sustain such vague and

14  ambiguous claims of fraudulent conduct over Defendants' objections.  The fraud claim will be

15  dismissed with prejudice.

16  *Negligent undertaking*

17         Under Washington law, the maximum statutory limitations period for this claim (which

18  Plaintiff bases on the Restatement (Second) of Torts' recognition of a duty from "[o]ne who

19  undertakes… to render service to another which he should recognize as necessary for the

20  protection of the other's person or things;" AmComplt, ¶ 12.6) is three years.  Based on

21  Plaintiff's awareness of what he considered to be the deficiencies in Defendants' performance in

22  2008 and 2009, he cannot escape the operation of the statute of limitations and there is no

23  amendment possible which would cure this defect.

24

1    In addition Defendants NWTS and RCO were not entities who undertook to render

2    services to Plaintiff.   Plaintiff attempts to "impute" liability to them under some variation of the

3    "Good Samaritan Doctrine" (*see* AmComplt, ¶ 12.10), but provides no legal authority which

4    supports this theory.  The negligent undertaking cause of action will be dismissed with prejudice.

5    *Intentional infliction of emotional distress*

6    The elements of this cause of action require (1) extreme and outrageous conduct

7    ("beyond all bounds of decency;" Robel v. Roundup Corp., 148 Wn.2d 35, 51 (2002) which (2)

8    inflicts emotional distress and (3) causes actual harm to Plaintiff as a result.  It has already been

9    found in this district that an improper foreclosure proceeding does not rise to the level of

10   "outrageous conduct" required for liability under this tort.  Klinger v. Wells Fargo Bank, 2010

11   WL 5138478, *8 (WD Wa., 2013).  Plaintiff alleges no behavior "so outrageous in character, and

12   so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

13   atrocious, and utterly intolerable in a civilized community." Robel, at p. 51.

14   Furthermore, with a foreclosure sale which was announced in July 2009 and occurred in

15   October 2009, Plaintiff's claim runs afoul of the 3-year statute of limitations.  Cox v. Oasis Phys.

16   Therapy, 153k Wn.App. 176, 193 (Div. 3, 2009).  This cause of action will be dismissed with

17   prejudice.

18   *Unjust enrichment*

19   Whatever benefit may have accrued to any of Defendants as a result of the events of

20   which Plaintiff complains was conferred no later than October 2009 when the foreclosure sale

21   occurred.  With a 3-year statute of limitations (*see* SPEEA v. Boeing Co., 139 Wn.2d 824, 837-

22   38 (2000)), it would be futile for Plaintiff to amend this claim further and the Court will dismiss

23   it with prejudice.

24

1    *Breach of fiduciary duty*

2           Plaintiff has provided no case or statutory authority for his theory that any of the

3    Defendants owed a special fiduciary duty to him.  In fact, the provisions of the Deed of Trust Act

4    are exactly to the contrary:  the "trustee or successor shall have no fiduciary duty or fiduciary

5    obligation to grantor…"  (RCW 61.24.010(3).)

6           And, again, any breach he could allege falls outside of the 3-year statute of limitations.

7    (*See* Bertelsen v. Harris, 459 F.Supp.2d 1055; affirmed, 537 F.3d 1047 (ED Wa. 2006).)  This

8    cause of action will be dismissed with prejudice.

9    *Negligence per se*

10          In 2009, the Washington legislature abolished negligence per se for any cases filed after

11   August 1, 1986.  (*See* Hansen v. Friend, 118 Wn.2d 476, 483 (1992).)   Plaintiff merely responds

12   to Defendants' challenge by arguing that, "if the foreclosure was conducted negligently," the

13   borrow is entitled to damages.  (Dkt. No. 85, ¶ 1.20.)  But no facts are alleged as to breach of a

14   duty of ordinary care, and no authority produced in support of a theory that an allegedly unlawful

15   foreclosure sale is a per se negligent act.

16          In fact, it appears that Plaintiff is basing his claim of negligence per se on an alleged

17   violation of RCW 19.86.020, the Washington Consumer Protection Act ("CPA").  The Court has

18   already ruled that Plaintiff is outside the statutory period for filing CPA claims (*see* Dkt. No. 65,

19   pp. 6-7) and this claim is subject to the same analysis and the same result.  The negligence per se

20   cause of action will be dismissed with prejudice.

21   *Claim for payment/discharge of debt*

22          The basis for this claim is Plaintiff's contention that the FDIC paid his debt, entitling him

23   to a full discharge of his obligation.  (AmComplt, ¶¶ 20.2, 20.13-20.14.)  He relies on RCW

24

1  62A.3.602 as the statutory authority for his claim, but under that statute, a negotiable instrument

2  is only paid if "payment is made by or on behalf of a party obligated to pay the instrument." (Id.,

3  ¶ 20.6.) But there is no allegation either that (1) the FDIC was obligated to pay the loan contract

4  debt or (2) that it did so on Plaintiff's behalf. Plaintiff asserts no basis upon which the Court can

5  conclude that the FDIC's actions released him from his obligation to pay under the contract.

6        Plaintiff provides no response to Defendants' arguments in this regard and the Court will

7  conclude that his non-response is a concession to the merits of Defendants' position. This claim

8  will be dismissed with prejudice.

9  *Abuse of process*

10       Plaintiff argues that "[a]buse of process exists because Defendants failed to adhere to the

11 DTA statutes by acting as a trustee without authority." (Dkt. No. 82, p. 15.) But this Court has

12 already ruled that, by action of the statute of limitation, Plaintiff has no access to any claimed

13 violations of the Deed of Trust Act. (Dkt. No. 65, p. 10.) Plaintiff is thus judicially estopped

14 from establishing any other causes of action based on claimed DTA violations.

15       Even if that were not the case, the 3-year statute of limitations on any abuse of process

16 claim has run as well. (RCW 4.16.080(2).) This cause of action will be dismissed with

17 prejudice.

18                   **Conclusion**

19       On either substantive or timeliness grounds (or both), none of Plaintiff's asserted causes

20 of action under his amended complaint have survived Defendants' motions to dismiss. The

21 Court DISMISSES Plaintiff's lawsuit and, finding that further amendment of his complaint

22 would be futile, dismisses the lawsuit with prejudice.

23

24

ORDER ON MOTIONS TO DISMISS- 15

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated July 9, 2014.

3

4

5    _____
     Marsha J. Pechman

6    Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTIONS TO DISMISS- 16